UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bonnie M. Pacheco,
    Claimant

    v.                                            Civil No. 08-cv-146-SM
                                                      Opinion No. 2009 DNH 018

Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant


**O R D E R**

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), claimant, Bonnie Pacheco, moves to reverse the Commissioner's decision denying her applications for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and Supplemental Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. The Commissioner objects and moves for an order affirming his decision.

**Factual Background**

I.    Procedural History.

On September 18, 2006, claimant filed applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Act, alleging that she

had been unable to work since December 29, 2005. Her applications were denied initially and upon subsequent review by a Federal Reviewing Official.[1] Claimant then requested a hearing before an Administrative Law Judge ("ALJ").

On October 16, 2007, claimant and her non-attorney advocate appeared before an ALJ, who considered claimant's applications de novo. At that hearing, claimant amended her alleged disability onset date to September 23, 2005. On November 27, 2007, the ALJ issued his written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of the full range of sedentary work and could, therefore, perform her past relevant work as a parimutuel ticket teller. Accordingly, the ALJ concluded that claimant was not disabled, as that term is defined in the Act, at any time through

---

[1] Claimant's applications were reviewed under the new administrative review process, pursuant to which a "Social Security claimant must first petition the Commissioner of Social Security for benefits. Upon review of the claim, the agency issues an initial determination. A claimant who is dissatisfied with the initial determination may request further review by a federal reviewing official. If the claimant is still dissatisfied, she may request a hearing before an Administrative Law Judge ("ALJ"). The decision of the ALJ is the final decision of the Commissioner unless the claim is referred to the Decision Review Board or Appeals Counsel. A final decision may be reviewed in federal district court." Wrenn v. Astrue, 525 F.3d 931, 932 (10th Cir. 2008) (citations omitted). See generally 20 C.F.R. § 405.1, et seq.

the date of his decision.  On May 2, 2008, the Decision Review Board affirmed the ALJ's decision, thereby making his denial of claimant's applications for benefits the final decision of the Commissioner, subject to judicial review.

Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that she is disabled within the meaning of the Act.  She then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 9).  In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 10).  Those motions are pending.

II.  Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 11), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence.[2] See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by

---

[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

substantial evidence."). See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222-23 (1st Cir. 1981) ("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

II.   The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). See also 42 U.S.C. § 1382c(a)(3). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-

free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. §§ 1512(g) and 416.912(g). If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. When determining whether a claimant

is disabled, the ALJ is also required to make the following five inquiries:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals a listed impairment;
>
> (4) whether the impairment prevents the claimant from performing past relevant work; and
>
> (5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. See also 20 C.F.R. § 416.920. Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A). See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

**Discussion**

I.  <u>Background – The ALJ's Findings</u>.

When the ALJ issued his adverse decision, Ms. Pacheco was forty-three years old.  She has a high-school education and her past relevant work includes jobs as a parimutuel ticket teller, stock clerk, sales clerk, and nursing assistant.

In concluding that Ms. Pacheco was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability.  Next, he concluded that claimant suffers from right hip and low back pain – conditions that are severe within the meaning of the Act.  Admin. Rec. at 16-17.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  Admin. Rec. at 17.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of

the full range of sedentary work.[3] Given that finding, the ALJ concluded that claimant was capable of returning to her past relevant work as a parimutuel ticket teller and, therefore, was not disabled at any time through the date of his decision. Admin. Rec. at 19-20. The ALJ added that even if claimant did not have past relevant work to which she could return, given her age (43) and her education level (high school graduate), the Medical Vocational Guidelines would direct the conclusion that she is not disabled. Id. at 19. Having resolved claimant's applications for benefits at step four of the sequential analysis, there was no need for him to proceed to step five.

---

[2] "RFC is what an individual can still do despite his or her functional limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." Social Security Ruling ("SSR") 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

The regulations provide that "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

II.   Weight Ascribed to Treating Physician's Opinions.

In attacking the ALJ's determination that she was capable of performing sedentary work and, therefore, able to return to her past relevant job at a parimutuel ticket seller, claimant asserts that the ALJ failed to afford proper weight to the opinions of her treating physician, Dr. Susan M. Hare.  Specifically, claimant says the ALJ should have afforded controlling weight to Dr. Hare's observation that claimant was "wheelchair bound" and, as a result, incapable of many of the essential requirements of gainful activity.  See Admin. Rec. at 196-202.

In discussing the weight that will be ascribed to the opinions of "treating sources," the pertinent regulations provide:

> Generally, we give more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) . . .  When we do not give the treating source's opinion controlling weight, we apply the factors listed [in this section] in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.

20 C.F.R. § 404.1527(d)(2).  See also SSR 96-2p, Policy Interpretation Ruling Titles II and XVI: Giving Controlling

Weight to Treating Source Medical Opinions, 1996 WL 374188 (July 2, 1996) (when the ALJ renders an adverse disability decision, his or her notice of decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight."). Importantly, however, there is no per se rule requiring the ALJ to give greater weight to the opinion of a treating physician than that of a consulting physician. See Arroyo v. Secretary of Health & Human Services, 932 F.2d 82, 89 (1st Cir. 1991); Tremblay v. Secretary of Health & Human Services, 676 F.2d 11, 13 (1st Cir. 1982).

Here, in concluding that claimant could perform the full range of sedentary work, the ALJ determined that Dr. Hare's opinions were not entitled to controlling weight. Admin. Rec. at 18-19. As previously noted, Dr. Hare's opinion that claimant is unable to engage in substantial gainful activity seems to be based, in substantial measure, upon her belief that claimant is "wheelchair bound." See Admin. Rec. at 196, 197, 199. But, as the ALJ pointed out, in the Medical Source Statement Dr. Hare prepared in September of 2007, she failed to identify any

11

"clinical observations or objective reports establishing [claimant's] need for a wheelchair."  Admin. Rec. at 19. Instead, Dr. Hare simply provided responses, without explanation, to a number of multiple-choice questions.  And, it is well-established that a physician's failure to provide medically-acceptable clinical and laboratory diagnostic support for his or her opinions is a legitimate reason for an ALJ to discount those opinions.  <u>See, e.g.</u>, <u>Halloran v. Barnhart</u>, 362 F.3d 28, 32 (2d Cir. 2004).  <u>See also</u> <u>Mason v. Shalala</u>, 994 F.2d 1058, 1065 (3d Cir. 1993); <u>Frey v. Bowen</u>, 816 F.2d 508, 515 (10th Cir. 1987).

Along similar lines, because Dr. Hare repeatedly refers to her as being "wheelchair bound," claimant suggests that the ALJ erred in noting that a wheelchair was never prescribed for her. But, there is plainly a difference between a treating physician's observation that a patient is using a wheelchair to provide greater mobility and a medical finding, based upon clinical evidence and professional observation, that a wheelchair is medically necessary.  Here, the record simply lacks any evidence of the latter.  Clinical findings and observations concerning claimant's neurological status and range of motion in her lower extremities do not support the conclusion that she was, as a consequence of her impairments, confined to a wheelchair.  <u>See,</u>

e.g., Admin. Rec. at 170 (reporting that as of July, 2006 – ten months after claimant's alleged onset of disability – claimant did not require any assistive devices to ambulate). See also Admin. Rec. at 175-76, Report of Dr. Gary Francke, M.D. (Dr. Francke performed a consultative examination of claimant in December of 2006, and noted that claimant "does have a good range of motion at least recumbent of both hips and both knees. There also appeared to be no instability"); Admin. Rec. at 186, Physical Residual Functional Capacity Assessment completed by non-examining physician Dr. Hugh Fairley (concluding that "there is no apparent necessity for ambulatory aid").

Given the medical evidence of record, it is apparent that the ALJ did not err is discounting some of the opinions offered by Dr. Hare, and that the ALJ adequately explained his bases for doing so. Moreover, there is substantial evidence in the record to support the ALJ's conclusion that, notwithstanding Dr. Hare's observations, Ms. Pacheco is not "wheelchair bound" – at least not as a medical necessity.

III. <u>Claimant's Credibility and Subjective Complaints of Pain</u>.

Next, claimant asserts that the ALJ improperly discounted her subjective complaints of pain and, by so doing, erred in calculating her RFC. Specifically, claimant says the ALJ "fail[ed] to explain how he assessed specific credibility factors (e.g., non-compliance with treatment, daily activities, effect of [claimant's alleged] learning disability on [her ability to perform tasks associated with her] prior employment)." Claimant's memorandum at 7.

When determining a claimant's RFC, the ALJ must review the medical evidence regarding the claimant's physical limitations as well as her own description of those physical limitations, including her subjective complaints of pain. <u>See</u> <u>Manso-Pizarro v. Secretary of Health & Human Services</u>, 76 F.3d 15, 17 (1st Cir. 1996). When the claimant has demonstrated that she suffers from an impairment that could reasonably be expected to produce the pain or side effects she alleges, the ALJ must then evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which those symptoms limit her ability to do basic work activities.

> [W]henever the individual's statements about the
> intensity, persistence, or functionally limiting

> effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  This includes medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by the treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual . . ..
>
> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individuals' statements.

SSR 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996).  Those factors include the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type dosage, effectiveness, and side effects of any medication the claimant takes (or has taken) to alleviate pain or other symptoms; and any measures other than medication that the claimant receives (or has received) for relief of pain or other symptoms.  Id.  See also Avery, 797 F.2d at 23; 20 C.F.R. § 404.1529(c)(3).

It is, however, the ALJ's role to assess the credibility of claimant's asserted inability to work in light of the medical record, to weigh the findings and opinions of both "treating sources" and other doctors who have examined her and/or reviewed her medical records, and to consider the other relevant factors identified by the regulations and applicable case law.  Part of his credibility determination necessarily involves an assessment of a claimant's demeanor, appearance, and general "believability."  Accordingly, if properly supported, the ALJ's credibility determination is entitled to substantial deference from this court.  See, e.g., Irlanda Ortiz, 955 F.2d at 769 (holding that it is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.  Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts").

Here, in reaching the conclusion that claimant's testimony concerning the disabling nature of her impairments was not entirely credible, the ALJ considered, among other things, her daily activities (as reported in September of 2006, approximately one year after her alleged onset of disability, Admin. Rec. at 98-105), in which claimant described her ability to take her son to work each day, perform household chores, take care of her own

dressing and personal hygiene, and her ability to pay bills, count change, and manage both a savings and checking account. Among other things, the ALJ noted that:

> the claimant has also alleged that she has difficulty making change due to learning difficulties, but this is inconsistent with her report that she did work successfully as a mutual ticket teller.  It is also inconsistent with her self-report that she manages her own savings and checking accounts (Exhibit 2E, p. 4). She also testified that she leaves her home only one time per month, but this is inconsistent with her written statement provided in September 2006 in which she admits to taking her son to work each day, going to Dunkin Donuts each day and attending the dog track one time per week (Exhibit 2E). The claimant also described activities at that time which included doing crafts every day.  These activities are consistent with the ability to perform a full range of at least sedentary work.

Admin. Rec. at 19.

In light of the foregoing, the court cannot conclude that the ALJ erred in making his assessment of claimant's credibility. To be sure, there is substantial evidence in the record supportive of claimant's assertion that she experiences significant pain and has difficulty walking.  Importantly, however, there is also substantial evidence in the record to support the ALJ's conclusion that she remains capable of performing sedentary work and, therefore, is not totally

disabled. In such circumstances – when substantial evidence can be marshaled from the record to support either the claimant's position or the Commissioner's decision – this court is obligated to affirm the Commissioner's finding of no disability. See Tsarelka, 842 F.2d at 535 ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."); Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."); Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) ("We must consider both evidence that supports and evidence that detracts from the [Commissioner's] decision, but we may not reverse merely because substantial evidence exists for the opposite decision.") (citation and internal punctuation omitted).

## Conclusion

Having carefully reviewed the administrative record (including Ms. Pacheco's hearing testimony) and the arguments advanced by both the Commissioner and claimant, the court concludes that the there is substantial evidence in the record to support the ALJ's determination that claimant was not disabled at any time prior to the date of his decision. Both the ALJ's

credibility determination and the weight he ascribed to the opinions of Dr. Hare are adequately reasoned and well-supported by substantial documentary evidence.

The question before this court is not whether it believes claimant is disabled and entitled to benefits.  Instead, the question presented is far more narrow: whether there is substantial evidence in the record to support the ALJ's decision.  There is.  Consequently, while there is certainly substantial evidence in the record demonstrating that claimant experiences pain and has difficulty walking, the existence of that evidence is not sufficient to undermine the ALJ's decision, which is also supported by substantial evidence.

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 9) is denied, and the Commissioner's motion to affirm his decision (document no. 10) is granted.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 24, 2009

cc: Raymond J. Kelly, Esq.
    T. David Plourde, Esq.

20